IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL DEPOSIT | : | |
| INSURANCE CORP. as | : | |
| RECEIVER for NOVA BANK, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 12-7231 |
| v. | : | |
| | : | |
| HILLARY G. MUSSER, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _28th___ day of February, 2017, it is **ORDERED** that:

- Plaintiff's Motion for Summary Judgment on Count I (ECF No. 73) is **DENIED**;

- As to Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 74)[1] is **GRANTED IN PART AND DENIED IN PART**, as follows:

    o Plaintiff's motion to strike the affirmative defense of breach of fiduciary duty is **DENIED without prejudice**;

    o Plaintiff's motion to strike the affirmative defense of fraud in the inducement is **GRANTED**, and Plaintiff's motion to strike the affirmative defense of fraud in the factum is **DENIED without prejudice**;

    o Plaintiff's motion to strike the affirmative defense of the UTPCPL is **DENIED without prejudice**;

    o Plaintiff's motion to strike the affirmative defense of unclean hands as to Counts I, II, and III is **GRANTED**;

    o Plaintiff's motion to strike the affirmative defense of lack of subject matter jurisdiction is **GRANTED**;

---

[1] The FDIC styled its motion as a Motion to Strike or, in the Alternative, for Summary Judgment on Each of Defendant's Affirmative Defenses. Because the Parties have not completed discovery in this case, I am ruling on the FDIC's motion as a motion to strike affirmative defenses. After the close of discovery, the FDIC may move for summary judgment on any remaining affirmative defenses.

1

- o Plaintiff's motion to strike the affirmative defense of lack of signature is **GRANTED**;

- o Plaintiff's motion to strike the affirmative defense of recoupment is **GRANTED**;[2]

- o Plaintiff's motion to strike the affirmative defense of failure of consideration is **GRANTED** as to Count II and **DENIED without prejudice** as to Counts I and III.

A memorandum will follow.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

---

[2] I will reconsider the validity of Musser's recoupment defense and the Parties' relevant briefing as part of my future ruling on the recently filed Motion for Reconsideration (ECF No. 88).